Dear Ms. Morris:
You have requested an opinion from this office on behalf of the Central Community School Board ("School Board") concerning public advertisements. Specifically you have asked whether La.R.S. 43:111 applies to the School Board. For the reasons stated below, it is our opinion that La.R.S. 43:111 is not applicable to school boards. On its face, the statute is limited to "State Advertisements," which are described as advertisements by "the state, or any department, officer, board, or commission."[1] The Central Community School Board does not fall within the scope of the statute.
Specifically, La.R.S. 43:111(A) states:
 The state, or any department, officer, board, or commission shall expend any public funds for advertising in any newspaper, book, pamphlet, periodical, or radio and television stations . . .
Based on the plain language of the statute, it is limited to State entities as opposed to local political subdivisions, thereby excluding local school boards. The limited scope of La.R.S. 43:111 is further evidenced by the fact that the next chapter in Title 43, Chapter 4, [2] explicitly applies to "political subdivisions" and "school boards." The Legislature was clearly capable of making a distinction between provisions applicable to State entities and to local political subdivisions such as the Central Community School Board and the distinctions noted above illustrate that the Legislature did so specifically provide.[3] *Page 2 
La.R.S. 43:111 was originally enacted by Acts 1940, Ex. Sess., No. 13 § 1, and since that time, the language designating the law's scope of application has remained largely unchanged.[4]
Consequently, this office has opined, as far back as 1941, that the language of La.R.S. 43:111 "has no application to police juries, municipalities or other subdivisions of the State." School boards likewise are not considered under either the former or current versions of the statute.[5]
This office need not reach your second question presented. Because we here opine that La.R.S. 43:111 does not apply to school boards, and thus neither do the enumerated exceptions of the statute.
In a telephone conversation with our office, it was made clear that the overarching issue for the School Board is whether it can purchase paid advertisements in a local newspaper.
In La. Atty. Gen. Op. No. 1940-42, p. 3885, the East Feliciana Parish School Board requested an opinion clarifying La.R.S. 43:111. This office opined that "school boards cannot expend their funds for such purposes therein" (ie., for paid advertisements).[6] In addition, Title 43 of the Louisiana Revised Statutes, which contains entire chapters dedicated to "State Advertisements" and "Judicial Advertisements," only authorized political subdivisions and school boards may designate an official journal. Such an in parimateria examination leads us to the conclusion that school boards are specifically prohibited from engaging in paid advertisements.
Depending on the nature of the communication the School Board wishes to engage in, selecting and using an official journal may provide an appropriate means to convey School Board related information to the public. Under La.R.S. 43:141, et. seq., a school board may select a local newspaper as its "official journal" in which the school board may publish "the minutes, ordinances, resolutions, budgets, and proceedings." In the aforementioned phone conversation, the two examples that you provided for the types of information that needed to be dispensed were "school bus schedules" and "school start times." We believe that this type of information could quite easily be included in the minutes of the school board meetings or adopted by ordinance and then published in the official journal. This would be a practical solution to the problems faced by the school board without causing the school board to run afoul of the restrictions against paid advertising. *Page 3 
Furthermore, we are also of the opinion that although a school board is prohibited from engaging in paid advertisements, public funds may be used to disseminate purely factual, unbiased information. For instance, if the School Board needed to publish a new bus route, the information would not qualify as an advertisement, but rather as publication of information that furthers the function of the school system. Such expenditure, so long as it is reasonable, is legally authorized and within the power of the School Board.
Therefore, while La.R.S. 43:111, which prohibits the expenditure of public funds by a state entity for paid advertisements, does not apply to local school boards, such boards are also prohibited from engaging in paid advertising for lack of legal authority. However, School Boards may use public funds to disseminate purely factual and unbiased information related to school board matters.
We hope this sufficiently answers your inquiry; however, if we may be of further assistance please do not hesitate to contact our office.
 Sincerely yours, JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY:_____________________ STEVEN B. "BEAUX" JONES Assistant Attorney General
 JDC/SBJ
[1] La.R.S. 43:111(A). In fact, the entire chapter of the Revised Statutes in which this provision is included is entitled "State Advertisements."
[2] La.R.S. 43:141-181.
[3] In keeping with the maxim of statutory interpretation,expressio unius est exclusio alterius, or the inclusion of one thing implies the exclusion of another.
[4] Section 1 of the original Act made it unlawful "for the State, or any department, officer, board, or commission thereof, to expend any public funds for advertising in any newspaper, . . ." There have been various amendments to the mediums of advertisements, but the scope of application is unchanged.
[5] La. Atty. Gen. Op. No. 1940-42, p. 3885. See also
La. Atty. Gen. Op. Nos. 1940-43, pp. 2249, p. 3073.
[6] Id.